UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

| | | |
|---|---|---|
| MICHAEL SULLIVAN, | ) | |
| WILLIAM SCHREINER, | ) | |
| TRAVIS DAGENAIS, | ) | |
| BRETT TAYLOR, | ) | Case No. |
| JOHN HOGUE, | ) | |
| GLENN SNYDER, | ) | JURY TRIAL DEMANDED |
| MICHAEL HUFF, | ) | |
| STEVEN ROSE, | ) | |
| MICHAEL HASLEM, | ) | |
| JAMES MATTERA, | ) | |
| MIGUEL GARCIA, | ) | |
| DANIEL RANKIN, and | ) | |
| DANIEL NORMAN, individually and | ) | |
| on behalf of themselves and all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| SARASOTA COUNTY, FL | ) | |
| | ) | |
| Defendant. | ) | |

_____

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, by and through their counsel, respectfully submit their

Collective Action Complaint against the County of Sarasota, Florida, and in

support, state as follows:

## PARTIES

1.      Plaintiffs, Michael Sullivan, William Schreiner, Travis Dagenais, Brett Taylor, John Hogue, Glenn Snyder, Michael Huff, Steven Rose, Michael Haslem, James Mattera, Miguel Garcia, Daniel Rankin, and Daniel Norman ("Plaintiffs"), are current and/or former employees of Defendant, the County of Sarasota, Florida, ("Defendant" or "County") in the Sarasota County Fire Department. At all times material herein, Defendant has employed Plaintiffs in the position of Battalion Chief.

2.      Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") against the Defendant on behalf of themselves and all others similarly situated because of Defendant's unlawful deprivation of Plaintiffs' rights to overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201, *et seq.*

3.      At all times material herein, Plaintiffs and all those similarly situated have been "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e)(1). Additionally, Plaintiffs are "fire protection employees" within the meaning of Section 3(y) of the FLSA. 29 U.S.C. § 203(y).

4.      Plaintiffs have given their written consent to be party-Plaintiffs in this action, pursuant to 29 U.S.C. § 216(b). Such written consents are attached to this Complaint as Exhibit 1.

5.      Defendant is a political subdivision organized under the laws of the State of Florida, with the power to sue and be sued in its own name, and at all times material herein, Defendant has been a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. §§ 203(x), 203(d). Defendant is located within the Middle District of Florida and has a principal office and place of business located at 1660 Ringling Blvd, Sarasota, FL 34236.

## JURISDICTION AND VENUE

6.      This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

## COLLECTIVE ACTION ALLEGATIONS

8.      Plaintiffs, and all others similarly situated, work or have worked for the Defendant Sarasota County Fire Department in the position of Battalion Chief.

9.      Within the last three years, and continuing to date, while working at the rank of Battalion Chief, Plaintiffs' primary job duty has been and remains, to

respond to and protect and serve the public by engaging in fire suppression, emergency response, and related non-exempt activities.

10.     Plaintiff Battalion Chiefs are required to, and have no discretion regarding whether to, respond to the vast majority of fire and/or emergency calls. When these calls come in, they take precedent over all other duties or obligations the Plaintiff Battalion Chiefs may have at the time.

11.     While on the scene of fire calls, Plaintiff Battalion Chiefs routinely act in the capacity of Dedicated Safety Officers.  As a Dedicated Safety Officers, Plaintiffs determine whether there are any safety issues at a fire scene (i.e., gas levels, the structural integrity of the fire scene, etc.) that need to be addressed in order to ensure the safety and security of all employees engaged in fire suppression activities at the fire scene.

12.     Plaintiff Battalion Chiefs also regularly act as part of the rapid intervention team (RIT) or rapid intervention crew (RIC). As a part of the RIT or RIC teams, Plaintiff Battalion Chiefs act as standby rescuers on a fire scene. Their duties involve monitoring the situation and aiding in fire fighter and civilian rescue if necessary.

13.     Plaintiff Battalion Chiefs also act as a part of what is often referred to as a Strike Team. This is a team that is deployed in the event of a declared

disaster in the State. In this role, Plaintiff Battalion Chiefs engage in on-scene management and other routine fire fighter duties.

14.     Plaintiff Battalion Chiefs are required to wear the same protective gear as other non-exempt fire fighters.  In addition, Plaintiff Battalion Chiefs receive the same set of protective gear as other non-exempt fire fighters. Similarly, Plaintiffs carry the same tools as all other non-exempt fire fighters.

15.     Plaintiff Battalion Chiefs are required to engage in all the same training (such as air consumption drills) as other non-exempt fire fighters and Plaintiffs would be subject to discipline if they did not complete this required training. Further, when the County examines its staffing levels to satisfy its obligation to maintain state minimum staffing requirements, Plaintiff Battalion Chiefs are included.

16.     Plaintiffs have no authority to hire or fire employees. Although Plaintiffs may participate in a panel-type vetting of new hires, they have no discretion in this regard and are required to simply write down answers to pre-determined questions. Further, other non-exempt fire fighters also sit on these panels and participate in the same manner as Plaintiff Battalion Chiefs.

17.     Plaintiffs can only issue what is known as a Form 103 counseling to subordinates. This type of counseling is also issued by Lieutenants and Captains,

who are recognized by the County as non-exempt. Plaintiffs do not issue any formal discipline.

18.     Plaintiffs do not regularly conduct performance reviews of their subordinates.

19.     Plaintiffs do not control budgeting, promotions, or rates of pay.

20.     Plaintiffs are represented by the Suncoast Professional Fire Fighters and Paramedics, LOCAL 2546, IAFF ("Union"), which is party to a collective bargaining agreement with Defendant effective for the period of October 1, 2021 through September 30, 2022 ("CBA"). The CBA covers "[a]ll employees who are in positions of Firefighter, Emergency Medical Technician, Paramedics, EMS Shift Supervisor, Fire Line Lieutenant/Captain, Training Captain, and Battalion Chief." CBA, Art. 1, Section 1.

21.     The CBA states that the "[e]stablished working hours for employees shall normally be 24 hours on duty followed by 48 hours off duty. The work schedule for employees assigned to staff positions shall be 40 hours per week. Any leave or paid time off shall not be considered as hours worked when computing overtime hours in a work week or cycle." CBA Art. 3, Section 1.

22.     The CBA states that the County has adopted a 21-day work schedule and that an employee working a 24/48-hour shift will be given one (1) Kelly Day per work cycle. CBA, Art. 3, Section 2.

23.     Additionally, the CBA has an Emergency Call Back provision, which states that "except those employees who are overtime exempt pursuant to the Fair Labor Standards Act, employees who are called back to duty for emergencies by the County shall be compensated at a rate of one and one half (1 ½) times the regular rate of pay for a minimum of two hours." CBA, Art. 3, Section 4.

24.     While working as Battalion Chiefs on behalf of Defendant, Plaintiffs as well as all others similarly situated are assigned to work, and in fact do work, a regular and recurrent schedule of 24 hours on-duty, followed by 48 hours off-duty, with one Kelly Day per work cycle. This results in Plaintiffs working 144 regularly scheduled hours every 21-days.

25.     In addition to their normally scheduled hours, Plaintiffs are routinely held-over their regularly scheduled hours or called-back to duty for emergencies pursuant to the Emergency Call Back provisions of the CBA. This results in Plaintiffs regularly working in excess of 40 hours per week, as well as in excess 53 hours per week and in excess of 159 hours in a 21-day period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

26.     Nevertheless, unlike all other job classifications covered by the CBA, Defendant, until January 4, 2022, failed to pay Plaintiffs in the position of

7

Battalion Chief any overtime premium pay at the rate of one and one-half times their regular rate of pay for work performed in excess of 40 hours in a week, in excess of 53 hours in a week, or in excess of 159 hours in a 21-day period. Rather, Plaintiff Battalion Chiefs received straight time hours for all hours worked, including those in excess of 40 hours per week, in excess of 53 hours in a week, or in excess of 159 hours in a 21-day period (or in excess of a proportionate number of hours for work periods between 7 and 28 days).

27.     Since January 4, 2022, in response to a grievance filed by the Union, the County has paid Plaintiff Battalion Chiefs time and one-half for all mandatory hold over hours only. The grievance response, however, stated that the County's decision to pay time and one-half to Battalion Chiefs for mandatory hold over hours was only for a limited duration and "does not change [the County's position on] the exempt status of Battalion Chiefs per the Fair Labor Standards Act (FLSA), and is not precedent setting."

28.     Defendant's actions in refusing to provide Battalion Chiefs the rights and protections provided under the FLSA are willful in that the defendant knew or should have known that uncompensated overtime work was being performed by Plaintiffs and all others similarly situated, due to Defendant's established policies and procedures, work schedule, and observation of Plaintiffs.

## COUNT I

## VIOLATION OF SECTION 207(A) OF THE FAIR LABOR STANDARDS ACT

29.     Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 28 of this Complaint.

30.     Prior to January 4, 2022, and after, for those Plaintiffs and those similarly situated who worked in excess of 40 hours in a workweek, Defendant has failed, and continues to fail, to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(a).

31.     By failing to pay the Plaintiffs and others similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

32.     As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive

possession, custody and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owed to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

33.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

34.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF SECTION 207(K) OF THE FAIR LABOR STANDARDS ACT

35.    Plaintiffs re-allege, and incorporate by reference herein, paragraphs 1 through 34 of this Complaint.

36.    Under the U.S. Department of Labor's regulations applicable to fire fighters covered under 29 U.S.C. § 207(k), (29 C.F.R. § 553.230), an employer must pay overtime compensation to such employees at a rate not less than one and one-half times their regular rate of pay for hours of work in excess of 53 hours in a 7-day work period or in excess of 212 hours in a maximum 28-day work period

(or in excess of a proportionate number of hours for work periods between 7 and 28 days).

37.     Here, the Defendant has adopted a 21-day work period for employees working a 24/48 shift. Thus, Section 7(k) of the FLSA requires Defendant to pay one and one-half times their regular rate of pay to all 24/48-hour employees who work hours in excess of 159 hours in a 21-day period.

38.     Prior to January 4, 2022, and in certain times after, during the times that Plaintiffs and those similarly situated have worked in excess of 159 hours in a 21-day period (or in excess of a proportionate number of hours for work periods between 7 and 28 days), Defendant has failed to provide them with the rights and protections provided under the FLSA, including overtime pay at the rate of one and one-half times their regular rates of pay for all hours worked in excess of the hourly standards set forth under 29 U.S.C. § 207(k) and 29 C.F.R. § 553.230.

39.     By failing to pay the Plaintiffs and other similarly situated the overtime pay required under the law, Defendant has violated and is continuing to violate the provisions of the FLSA in a manner that is unreasonable, willful, and in bad faith. As a result, at all times material herein, Plaintiffs and those similarly situated have been unlawfully deprived of overtime compensation and other relief for the maximum, three-year period allowed under the law.

40.     As a result of Defendant's willful, unreasonable, and bad faith violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined. The employment and work records for Plaintiffs (including time and attendance records) are in the exclusive possession, custody, and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and other various statutory and regulatory provision, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

41.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover liquidated damages in an amount equal to their backpay damages for Defendant's failure to pay overtime compensation.

42.     Plaintiffs are entitled to recover attorney's fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and applicable law, all Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, all Plaintiffs, on their own behalf and on behalf of other similarly situated, pray this Court:

(a)     Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations under federal law and deprived each of the Plaintiffs of his/her rights;

(b)     Enter judgement declaring Plaintiffs are not exempt under the FLSA;

(c)     Order a complete and accurate accounting of all the unpaid compensation to which the Plaintiffs are entitled;

(d)     Award Plaintiffs compensatory relief in the form of unpaid compensation and liquidated damages to their unpaid compensation;

(e)     Award Plaintiffs interest on their unpaid compensation;

(f)     Award Plaintiffs their reasonable attorneys' fees to be paid by the Defendant, and the costs and disbursements of this action; and

(g)     Grant such other relief as may be just and proper.

Respectfully submitted,


s/ Heidi B. Parker
Heidi B. Parker
FL Bar No. 1008110
Richard Siwica
FL Bar No. 377341
EGAN, LEV & SIWICA, P.A.
231 East Colonial Drive
Post Office Box 2231
Orlando, FL 32802-2231
rsiwica@eganlev.com
hparker@eganlev.com
*Attorneys for Plaintiffs*


Lauren P. McDermott
(*Motion for Special Admission to Follow*)
Mark J. Murphy
(*Motion for Special Admission to Follow*)
MOONEY, GREEN, SAINDON, MURPHY
& WELCH, P.C.
1920 L Street, NW, STE 400
Washington, DC 20036
lmcdermott@mooneygreen.com
mmurphy@mooneygreen.com
*Attorneys for Plaintiffs*

14